**COLLEEN FLYNN**, CSB 234281
ATTORNEY AT LAW
3435 Wilshire Blvd., Suite 2910
Los Angeles, CA 90010
(213) 252-9444 / (213) 252-0091 facsimile
E-mail: cflynnlaw@yahoo.com

**DONALD W. COOK**, CSB 116666
ATTORNEY AT LAW
3435 Wilshire Blvd., Ste. 2910
Los Angeles, CA 90010
(213) 252-9444 / (213) 252-0091 facsimile
Email: manncooklaw@gmail.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIANNA LACOSTE, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> COUNTY OF LOS ANGELES, a municipal corporation; LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, a public entity; ALEX VILLANUEVA, DEPUTY SHERIFFS NATHAN DEBOOM (#606645), AARON ESCOBEDO (#621443), JOSE HURTADO (#552712), MIKAH LOPEZ (#652884); CHARLES L. McDANIEL; JUAN MEZA (#484495), MICHAEL MILESKI (#424383), RAMON MUNOZ (#499029), ROVERT OKAMOTO (#511813); JOSE RAMIREZ (#503608), MARK REYES (#528504), ADRIAN RUIZ (#519554), SPENCER ZAGURSKI (#550493), and Does 1 through 10, all sued in their individual capacities, <br><br> Defendants. | Case No. 2:23-cv-4917 DMG (AGRx) <br><br> **PLAINTIFF'S *EX PARTE* APPLICATION FOR EXTENSION OF TIME FOR SERVICE ON DEFENDANT MIKAH LOPEZ; DECLARATION OF COLLEEN FLYNN; MEMORANDUM OF POINTS AND AUTHORITIES** |

00157419.WPD

1  TO THE HON. DOLLY M. GEE, UNITED STATES DISTRICT JUDGE:

2       Plaintiff hereby applies *ex parte* pursuant to F.R.Cv.P. 4(m) to extend by 60 days

3  the time for effecting service of summons and complaint on defendant Mikah Lopez.

4  Good cause exists, see attached Declaration of Colleen Flynn.

5       ***Re Notice:***

6       By email delivered September 11, 2023, at about 6:30 p.m., Plaintiff gave notice

7  of this Application to defense counsel who represents defendants County of Los Angeles

8  and the deputies who have been served, and asked whether defendants oppose it. Today,

9  September 12, defense counsel responded by stating his clients do not oppose the

10  application.

11

12  DATED: September 12, 2023

13                                      **COLLEEN FLYNN**

13                                      **DONALD W. COOK**

14                                      Attorneys for Plaintiff

15

16  By _____

17                        Colleen Flynn

**DECLARATION OF COLLEEN FLYNN**

I, COLLEEN FLYNN, declare:

1.  I am one of the attorneys representing Plaintiff.

2.  Former LASD Deputy Mikah Lopez is a named defendant in his capacity as a then-LASD deputy. Plaintiff alleges that he is, with others, responsible for her false arrest and the use of retaliatory, injuring force against her. Complaint (ECF 1 filed 6/21/23) ¶¶11-12, 22, 41-46, 49.

3.  Defendant Mikah Lopez is no longer employed by the LASD. Therefore, Lopez cannot be served with Plaintiff's summons and complaint through LASD subpoena control (the process by which Plaintiff has served the other deputy defendants, see ECF 16, 17 and 18).

4.  On August 24, 2023, I emailed defense counsel Jin Choi advising him that LASD had confirmed Mikah Lopez was no longer employed by LASD. I asked Mr. Choi if he would accept service for Mr. Lopez. On August 28, 2023, Mr. Choi responded, stating that Mr. Lopez had deployed with the U.S. Military. Mr. Choi did not agree to accept service for Mr. Lopez.

5.  On August 31, 2023, before the assigned magistrate judge Plaintiff filed an *ex parte* application seeking Mr. Lopez's last know residential and business addresses, date of birth and social security number from defendant County of Los Angeles to facilitate service. *See* ECF 19 & 24. Magistrate Judge Alicia G. Rosenberg has not yet ruled on the application.

6.  Plaintiff seeks *ex parte* relief because under F.R.Cv.P. 4(m) Plaintiff only has 90 days, until September 19, 2023,  to effect service, absent an extension. There is good cause for an extension as Mr. Lopez is no longer employed by the County while the County will not authorize Mr. Lopez's (future) attorney to accept service for him. Meanwhile, Plaintiff is waiting for Magistrate Judge Rosenberg's ruling on whether

00157419.WPD

defendant County must disclose Lopez's last known addresses and other identifying information.

7. If Plaintiff obtains Lopez's home address, Plaintiff may be able to effect service via notice and acknowledgment of receipt (F.R.C.P. 4(d)). Otherwise, Plaintiff will have to serve him at his last known address.

8. By email delivered September 11, 2023, at about 6:30 p.m., I gave notice of this Application to defense counsel, asking if defendants oppose the application and will be filing a written opposition. On September 12, 2023, Mr. Choi responded, stating his clients do not oppose this application.

I declare under penalty of perjury that the foregoing is true and correct. Executed September 12, 2023.

Colleen Flynn

-4-

00157419.WPD

## I. The Court Should Extend the Time to Serve Defendant Lopez.

Plaintiff Lacoste seeks an extension of time to serve defendant Mikah Lopez with her summons and complaint. F.R.Cv.P. 4(m). Plaintiff's 90-day service deadline is September 19, 2023 (complaint filed June 21, 2023). However, F.R.Cv.P. 4(m) provides for an extension upon a showing of good cause for the failure to serve a defendant within 90 days after the complaint is filed.

There is good cause for the extension. Because of the confidentiality ordinarily accorded law enforcement officials for their addresses and personal information, Plaintiff understandably sought first to rely on existing County procedures for effecting service of process on (former) Deputy Lopez. That is not possible; meanwhile, the County will not accept service even though it is virtually certain that the same defense counsel who represents the other deputy defendants, will also represent Mikah Lopez.

Furthermore, granting this application is in the interest of the Court and its staff. Were the Court to dismiss Lopez without prejudice for failure to effect service within 90 days, Ms. Lacoste would file a *new* complaint, naming Lopez as the sole defendant.[1] The new Lopez-only complaint would be related to and consolidated with the present case. So the end result is the same – Lopez gets served as a defendant albeit under a separate complaint that would be consolidated with the present lawsuit. But such an outcome comes at the expense of needless delay while burdening the Court and its staff with a separate complaint and case file, not to mention the expenditure of time and effort serving no legitimate purpose. This would conflict with F.R.Cv.P. 1 ("[The Rules] should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.").

---

[1] The statute of limitations for naming Lopez has more than a year to run. *See* Complaint (ECF 1) ¶¶15-17 & *Agritech, Inc. v. Resh*, ___ U.S. ___, 138 S.Ct. 1800, 1804 (2018).

**II. Conclusion.**

This Court should extend the time for Plaintiff to serve her summons and complaint for 60 days.

DATED: September 12, 2023

**COLLEEN FLYNN**
**DONALD W. COOK**
Attorneys for Plaintiff

by Colleen Flynn
————————————————
Colleen Flynn

00157419.WPD