**COLLEEN FLYNN**, CSB 234281
ATTORNEY AT LAW
3435 Wilshire Blvd., Suite 2910
Los Angeles, CA 90010
(213) 252-9444 / (213) 252-0091 facsimile
E-mail: cflynnlaw@yahoo.com

**DONALD W. COOK**, CSB 116666
ATTORNEY AT LAW
3435 Wilshire Blvd., Ste. 2910
Los Angeles, CA 90010
(213) 252-9444 / (213) 252-0091 facsimile
Email: manncooklaw@gmail.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIANNA LACOSTE, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF LOS ANGELES, a municipal corporation; et al.,<br><br>Defendants | No.: 2:23-cv-4917-DMG-PD<br><br>**JOINT RULE 26(f) REPORT**<br><br>Date: December 1, 2023<br>Time: 9:30 a.m.<br>Courtroom 8C<br>Hon. Dolly M. Gee |

TO THE HON. DOLLY M. GEE, UNITED STATES DISTRICT JUDGE:

Counsel for Plaintiff Julianna Lacoste and Defendants County of Los Angeles, Los Angeles County Sheriff's Department, Sheriff Alex Villanueva, and Deputy Sheriffs Nathan Deboom, Aaron Escobedo, Jose Hurtado, Mikah Lopez, Charles L. McDaniel, Juan Meza, Michael Mileski, Ramon Munoz, Rovert Okamoto, Jose Ramirez, Mark Reyes, Adrian Ruiz, and Spencer Zagurski, conferred as required by the Court's 9/29/23 Order Setting Scheduling Conference [ECF 31] and Fed.R.Civ.Pro. 26(f) and submit the following report:

## I. Statement of the Case

*Plaintiff:*

After the death of George Floyd in May 2020 and the nation-wide protests that ensued, Plaintiff Julianna Lacoste, a credentialed photographer, joined the ranks of citizen-journalists documenting the protests against killings of persons of color by law enforcement agencies, including killings by the Los Angeles Sheriff's Department. (May 25, 2020 George Floyd death [Minneapolis PD]; March 13, 2020 shooting death of Breonna Taylor [Louisville PD]; June 18, 2020 shooting death of Andres Guardado and August 31, 2020 shooting death of Dijon Kizzee [both LA Sheriff's Dept.])

In response to this exercise of constitutional rights, defendants retaliated against protesters and independent journalists. The retaliation ranged from bogus arrests and bookings on minor, misdemeanor, never-to-be-filed, non-violent charges, to gratuitous infliction of injuries via so-called "less-lethal" stingball and smoke grenades, blastball, super sock rounds and the like, wrongful seizures and withholding of property, wrongfully seizing and searching persons' electronic devices such as smart phones, providing false and misleading information to judicial officers to obtain warrants to search the contents of phones, cameras, laptops and other property, abandoning arrestees' cell phones on the street if the phones were in "live-streaming" mode, fabricating evidence to support false serious felony charge(s), and wrongful incarceration, all as punishment for exercising free speech rights.

One or more of the defendants Nathan DeBoom, Jose Hurtado, Jose Ramirez, Aaron Escobedo, Rovert Okamoto, Adrian Ruiz, Spencer Zagurski, and Charles L. McDaniel and DOES shot and injured Julianna Lacoste with so-called less lethal munitions. One or more of the defendants Mark Reyes and Mikah Lopez, and Sgts. Ramon Munoz and/or Juan Meza and DOES arrested Ms. Lacoste knowing there was no probable cause for her

arrest. In the course of her arrest, a defendant broke Ms. Lacoste's professional 35mm single lens reflex camera. No charges were filed against Ms. Lacoste.

Following her release from jail, Ms. Lacoste attempted to retrieve her personal property – all seized without a warrant -- including her 35mm camera and the photographs taken with and stored on the camera. For about six months the LASD refused to return Ms. Lacoste's property. Defendants never obtained judicial authorization for their ongoing seizure of Ms. Lacoste's property. Nor did defendants give Ms. Lacoste any notice and opportunity to contest defendants' wrongful ongoing seizures of her property.

Ms. Lacoste sues under 42 U.S.C. § 1983 for violations of the First, Fourth, Fifth, and Fourteenth Amendments, for false arrest, excessive force, deprivation of property, violations of Cal. Civ. Code § 52.1, the California Constitution, Article I, §§ 2, 3, 7, and 13, as well as journalistic work-product privacy as protected by the Privacy Protection Act of 1980 (42 U.S.C. § 2000aa).

*Defendants:*

Defendants deny that Plaintiff was subject to either false arrest or excessive force. Furthermore, Plaintiff's claims are barred by the absence of any grounds for section 1983 (*Monell*) liability against the entity Defendants due in part to the fact that any alleged constitutional violation was not proximately caused by any County policy, practice or custom and the individual Defendants are entitled to qualified immunity.

**II. Subject Matter Jurisdiction**

Plaintiff's claims arise under 42 U.S.C. §1983. Accordingly, federal jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

**III. Legal Issues**

*Plaintiff:*

● Whether Plaintiff was arrested without probable cause?

- Whether Plaintiff was subjected to excessive force, even if her arrest was lawful?
- Whether Plaintiff's journalistic privacy rights were violated when her camera containing her work product materials was seized?
- Whether defendants engaged in a conspiracy to violate Plaintiff's rights?
- Whether defendants retaliated against Plaintiff based on her exercise of First Amendment rights?
- Whether deputies submitted false and misleading information to justify arresting Plaintiff?
- Whether Defendants' seizures of Plaintiff's property, including her personal smart phone and camera, violated the Fourth, Fifth, and Fourteenth Amendments?
- Whether defendants violated Plaintiff's rights protected under state law?
- Whether any individual defendant acted with malice or reckless disregard of Plaintiff's rights?

*Defendants:*

- Whether there was reasonable suspicion and/or probable cause to detain and/or arrest Plaintiff during the subject incident?
- Whether the alleged use of force against Plaintiff was objectively reasonable?
- Whether there is any basis for *Monell* liability against the entity Defendants?
- Whether the challenged actions constitute law enforcement functions carried out on behalf of the State, thereby precluding *Monell* liability as a matter of law?
- Whether Plaintiff can carry her burden of proving that the individual Defendants violated clearly established law, beyond debate, to avoid dismissal of her § 1983 claims on the basis of qualified immunity?

- Whether former LASD Deputy Mikah Lopez is entitled to seek a stay of this action due to his current military status, in accordance with the Servicemembers' Civil Relief Act, 50 U.S.C. §§ 3901, *et. seq*.?

**IV. Parties, Evidence, etc.**

- *Plaintiff:*

Plaintiff is Julianna Lacoste and defendants are the County of Los Angeles ("County"), the Los Angeles County Sheriff's Department ("LASD"), former Sheriff Alex Villanueva, Michael Mileski, Mark Reyes, Mikah Lopez, Ramon Munoz, Juan Meza, Nathan DeBoom, Jose Hurtado, Jose Ramirez, Aaron Escobedo, Rovert Okamoto, Adrian Ruiz, Spencer Zagurski, and Charles L. McDaniel, and DOES.

Witnesses include Christina Astorga, Hugo Padilla, Emanuel Padilla, Roxanne McQueen, Elizabeth Yorke, Pablo Unuzeta, Alexandra Marsella, Sierra Dombayci, Atish Chakravarti, Sennette Devermont, and Anjani Mistry. Additional witnesses include plaintiffs and putative class members in the related case of *Berg v. County of Los Angeles*, 2:20-cv-7870-DMG-PD.

All defendants have been served.

Evidence includes LASD incident, arrest, booking, and property records, warrant affidavits and other warrant materials, criminal case file, incident videos and injury photos.

*Defendants*:

The named Defendants are the County of Los Angeles and Los Angeles County Sheriff's Department, and 14 individual Defendants which include former Sheriff Villanueva and former LASD Deputy Mikah Lopez. Percipient witnesses include LASD personnel who were present during the subject protest and incident reports related to the same, and pertinent evidence may include Plaintiff's background information and records, including medical and/or mental health records.

**V. Discovery Plan**

*Plaintiff:*

No changes should be made for disclosures under F.R.Cv.P. 26(a);

Discovery should not be conducted in phases or otherwise limited;

Due to the number of defendants, Plaintiff may seek to take more than ten depositions. If over ten are needed, Plaintiff will meet and confer with opposing counsel. Absent agreement, Plaintiff will seek relief from the magistrate judge.

*Defendants:*

Defendants anticipate deposing Plaintiff and possibly an undetermined number of percipient witnesses.

**VI.  Discovery Cut-Off**

*Plaintiff:* July 2, 2024

*Defendants:* Same.

**VII.  Expert Discovery**

*Plaintiff:*

Expert Witness Disclosures – Initial: see Schedule Worksheet.

Expert Witness Disclosures – Rebuttal: see Schedule Worksheet.

*Defendants:*

Same as above.

**VIII. Damages**

*Plaintiff:*

Plaintiff seeks compensatory damages according to proof; punitive damages as against individual defendants.

*Defendants:*

Defendants deny Plaintiff's alleged damages, discovery as to which has not yet commenced.

**IX. Motions**

*Plaintiff:*

Plaintiff contends that should discovery reveal additional parties may be at fault, they have up to three years or the day of trial, whichever first occurs, to add newly named doe defendants. *Cabrales v. County of Los Angeles*, 864 F.2d 1454, 1462, 1463-64 (9th Cir. 1988); Cal. Gov't Code § 68616(h).

*Defendants:*

Defendant may file a motion for appropriate relief, in accordance with the Servicemembers' Civil Relief Act, 50 U.S.C. §§ 3901, *et. seq*. Furthermore, Defendants **disagree** with Plaintiff's contention that she has up to three years or the day of trial, whichever occurs first, to add newly named doe defendants.

**X. Dispositive Motions**

*Plaintiff:*

--Motion for summary judgment / summary adjudication;

*Defendants:*

Defendants anticipate the filing of a motion for summary judgment, or alternatively, summary adjudication.

**XI. Settlement Conference / ADR**

*Plaintiff:*

The parties have not discussed settlement. Plaintiff prefers to participate in a settlement conference with a mediator from the Court's Mediation Panel.

*Defendants*:

Defendants agree with Plaintiff; however, private mediation (with the parties sharing costs equally) may be an option which could possibly be pursued.

**XII. Trial Estimate**

*Plaintiff:*

Plaintiff's jury trial estimate is 7 days.

//

*Defendants:*

Defendant's jury trial estimate is 3 to 5 days.

**XIII. Trial Counsel**

*Plaintiff:*

Attorneys Colleen Flynn and Donald W. Cook.

*Defendants:*

Attorneys Paul B. Beach, Jin S. Choi, Raymon W. Sakai.

**XIV. Status of Discovery**

*Plaintiff:*

Plaintiff has served Interrogatories and Requests for Production and intends to serve Requests for Admission and to take depositions.

*Defendants:*

Defendants will serve written sets of discovery upon Plaintiff before taking her deposition.

**XV. Insurance**

The County of Los Angeles is self-insured.

**XVI. Manual for Complex Litigation**

The parties agree that the Manual for Complex Litigation is not needed.

**XVII. Independent Expert of Master**

A master is not needed.

**XVIII. Schedule Worksheet**

*Plaintiff:*

A completed copy of the Court's Schedule Worksheet is filed herewith.

*Defendants*:

A completed copy of the Court's Schedule Worksheet is filed herewith.

**XIX. Other Issues**

*Plaintiff:*

Because this is a related case to *Berg v. County of Los Angeles* with both cases having overlapping parties and incidents (primarily the September 8, 2020 South Los Angeles protest) at the appropriate time the Court may need to address possible consolidation of this case with *Berg*. At this time the Plaintiff takes no position on consolidation.

*Defendants:*

In addition to the possible stay of this action, in accordance with the Servicemembers' Civil Relief Act, 50 U.S.C. §§ 3901, *et. seq.*, Defendants do not agree that the instant action is formally related to *Berg v. County of Los Angeles*.

Dated: November 16, 2023					Respectfully submitted,

					LAW OFFICE OF COLLEEN FLYNN
					LAW OFFICE OF DONALD W. COOK

					By:  /s/ Colleen Flynn
					       Colleen Flynn

					*Attorneys for Plaintiff*

Dated: November 16, 2023			LAWRENCE BEACH ALLEN & CHOI, PC


					By     /s/ Jin S. Choi
					Jin S. Choi
					*Attorneys for Defendants*

Judge Dolly M. Gee

**SCHEDULE OF PRETRIAL & TRIAL DATES WORKSHEET**

Case No. 2:23-cv-4917 DMG-PD    Case    Lacoste v. County of Los Angeles

_____ Name: _____

| MATTER | JOINT REQUESTED DATE or PLNTF/DEFT REQUESTED DATE | TIME |
|---|---|---|
| **TRIAL** [ ] Court [X] Jury  Duration Estimate: | 11/5/24 - Plaintiff  (Tuesday)[3] | 8:30 a.m. |
| **FINAL PRETRIAL CONFERENCE ("FPTC")**  4 wks before trial | 10/8/24 - Plaintiff  (Tuesday) | 2:00 p.m. |

| MATTER | TIME COMPUTATION | JOINT REQUESTED DATE or PLNTF/DEFT REQUESTED DATE |
|---|---|---|
| Amended Pleadings and Addition of Parties Cut-Off (includes hearing of motions to amend) | 90 days after scheduling conf | Plaintiff: trial date or 3 years; defendants: see 2nd col. (see Jt. Report). |
| Non–Expert Discovery Cut-Off (includes hearing of discovery motions) | at least 14 wks before FPTC | July 2, 2024 - Plaintiff |
| Motion Cut-Off (filing deadline) | at least 13 wks before FPTC | July 9, 2024 - Plaintiff |
| Initial Expert Disclosure & Report Deadline | at least 9 wks before FPTC | August 6, 2024 - Plaintiff |
| Rebuttal Expert Disclosure & Report Deadline | at least 5 wks before FPTC | Sept. 3, 2023 - Plaintiff |
| Expert Discovery Cut-Off (includes hearing of discovery motions) | at least 3 wks before FPTC | Sept. 17, 2024 - Plaintiff |
| Settlement Conference Completion Date | at least 4 wks before FPTC | Sept. 10, 2024 - Plaintiff |
| Motions in Limine Filing Deadline | at least 3 wks before FPTC | Sept. 17, 2024 - Plaintiff |
| Opposition to Motion in Limine Filing Deadline | at least 2 wks before FPTC | Sept. 24, 2024 - Plaintiff |
| Other Dates: (e.g., class cert motion cut-off, early mediation, etc.) | | See joint report |

**EXHIBIT A**

---

[3] Trials commence on Tuesdays. Final pretrial conferences are held on Tuesdays.